This is an action for dissolution of marriage and other relief, brought to the Judicial District of New Haven. The plaintiff wife, whose maiden name was Dragonette, and the defendant were married on November 24, 1991, at Las Vegas, Nevada. The plaintiff and the defendant have resided in the State of Connecticut for at least twelve months immediately prior to the date the complaint was filed. There are two minor children issue of the marriage. Kevin Bettini, born May 20, 1992, and Kirsten Bettini, born June 21, 1994. No other minor children have been born to the plaintiff since the date of the marriage of the parties. Neither party has received state assistance.
The marriage between the parties has broken down irretrievably without any reasonable prospects of reconciliation. The parties are in dispute as to the cause of the breakdown of the marriage.
From the evidence presented the court finds that both parties contributed to the breakdown of the marriage. However, the plaintiff wife is more at fault.
The plaintiff wife is thirty three years of age and is in good health. She graduated from high school and attended art school for a couple of months. She has worked in drug store CT Page 9015 retail and for pharmaceutical companies. She last worked in that field as a manager at Rite Aid Pharmacy in Bridgeport and Waterford where she was earning $30,000.00 plus benefits. She voluntarily left that position in May 1991. She also worked part time as a bartender.
After leaving the drug store, the plaintiff continued to work as a bartender at several establishments. She increased her hours to as many as 4 nights per week. There were short periods out of the work force. The first was in April 1992 for a couple of months after the birth of the first child. The second was in June 1994 for two months after the birth of the second child. Next was approximately eight weeks in 1996 and finally two weeks in 1997. She has continued to work as a bartender, and earns between $400.00 to $425.00 per week.
The plaintiff was involved in two motor vehicle accidents, February, 1995 and May 1995. There are two civil suits pending.
The defendant husband is thirty one years of age and is good health. He attended Central Connecticut State University and is nine credits short of a degree in accounting. He works full time as a mechanic at Firestone, and part time as a mechanic at Tim's Auto. He earns a net weekly average of $558.00.
The plaintiff wife brought approximately $12,000.00 of credit card debt to the marriage and the defendant brought approximately $3,000.00 of credit card debt. The defendant brought tools to the marriage valued at $10,000. Those tools are now valued at $20,000.00.
the plaintiff borrowed $12,000.00 from Chester Bettini, her father-in-law, in December 1993. She used those funds to pay off some of her credit card debt. She again borrowed $20,000.00 from her father-in-law in February 1997. She used the funds to pay some of her medical bills and some towards household expenses. The plaintiff inherited $10,000.00 at the end of 1995. She paid $1,000.00 to her father-in-law, bought a bedroom set and paid some bills.
The parties lived at the marital residence located at 18 Joseph Lane, Hamden, Connecticut. The house was purchased in 1994. The house is jointly owned by the defendant and his father. The plaintiff contributed $5,000.00 towards the down payment. At the time of the purchase the plaintiff had a poor credit rating CT Page 9016 and was the defendant in a pending lawsuit and therefore could not be co-owner.
Chester Bettini provided the funds for the closing, he finished the basement, and the shed and paid for the kitchen tile. There was a lawsuit against the builder which was settled for $10,000.00. The funds were given to Mr. Chester Bettini. He gave the parties $2,000.00.
The residence is valued at $175,000.00, has a mortgage of $145,000.00 and equity of $30,000.00. The defendant's interest in the equity is $15,000.00
During the marriage there were two incidents of physical violence between the parties. One in September 1993 and the other in February, 1998. Both incidents were initiated by the plaintiff. Neither incident required medical attention or police intervention.
The plaintiff is currently romantically involved with Edward Garrity. She testified under oath that she met him in October, 1997. She asked the defendant husband to leave the marital residence in November of 1997. The defendant agreed to stay through the holiday season for the benefit of the children. He stayed and left after the holiday season.
Some of the arguments between the parties resulted from the defendant requesting that they have Friday night as family night. The plaintiff preferred to work Friday nights because the tips were better. The parties had two sessions of family counseling in January or February 1998. It was requested that the plaintiff go to a session alone and she refused.
The defendant discovered the relationship with Mr. Garrity in March 1998. There was a shared custody arrangement where the defendant was picking up and dropping off the children at the marital residence. On one occasion in March 1998, he encountered Mr. Garrity in the house and inquired about him. The plaintiff changed the locks on March 2, 1998. The plaintiff has exchanged gifts with Mr. Garrity, has taken three vacations with him and has visited out of state with him and his family on weekends. Mr. Garrity spends two to three nights a week at her residence and she spends other nights at his residence. The defendant has been living with his parents since December 1997. CT Page 9017
When the defendant left the marital residence the credit card debt was approximately $10,000.00 After he left the plaintiff increased the credit card debt considerably including $525.000 for a limousine ride, and $500.00 for a bridal shower charged to an American Express Card.
The plaintiff has received financial assistance from her mother, her brother and Mr. Garrity. The defendant has the use of a 1997 Chevelle valued at $2,500.00.
The major assets considered for division are as follows:
Home equity of $15,000.00, 1993 Toyota Camry valued at $9,000.00, tools valued at $20,000.00, the defendant's 401K valued at $15,008.00, household furnishings and crystal collections.
The court has considered the following provisions of Connecticut General Statutes § 46b-82 concerning alimony; §46b-56 concerning custody; § 46b-84 concerning child support; §46b-81 concerning property division and § 46b-62 concerning attorney's fees.
 ORDERS
A. BY WAY OF DISSOLUTION
1. The marriage between the parties is dissolved and each party is declared to be single and unmarried.
2. BY WAY OF ALIMONY
1. The plaintiff is ordered to pay the defendant alimony in the amount of $1.00 per year for three years.
2. The defendant is ordered to pay the plaintiff periodic alimony in the amount of $100.00 per week for three years.
3. The alimony payment shall terminate upon the earliest of the following:
a. the death of either party;
b. the remarriage of either party; CT Page 9018
 c. July 30, 2002. The plaintiff has an earning capacity of $500.00; per week. By the year 2002 her earnings should reach or exceed that amount thereby eliminating the need for alimony.
4. The alimony is non-modifiable as to term but is subject to modification pursuant to Conn. General Statutes § 46b-86 (a) and (b).
C. BY WAY OF CUSTODY
1. There shall be joint legal custody with primary residence with the plaintiff.
2. The defendant shall have rights of liberal and reasonable visitation pursuant to a mutually agreed upon schedule.
3. Neither party shall relocate out of the State of Connecticut without giving at least ninety days notice in writing to the other party.
D. BY WAY OF CHILD SUPPORT
1. The defendant is ordered to pay $231.00 per week in accordance with the child support guidelines.
2. The defendant shall provide medical and dental insurance as available through his employer for the benefit of the minor children. The plaintiff and the defendant shall share equally all unreimbursed and/or uninsured expenses.
E. BY WAY OF PROPERTY ORDERS.
1. The defendant's one half share of the equity in the residence located at 18 Joseph Lane, Hamden, Ct is awarded to the plaintiff. The defendant has ninety days to refinance the mortgage on the property and give the plaintiff his share of the equity in the amount of $15,000.000 as an offset to the 401K plan . . In the event that the defendant is unable to refinance the mortgage, the real estate shall be listed on the market for sale and shall be sold. The defendant shall give $15,000.00 of the proceeds to the plaintiff.
2. The defendant is awarded his 401K valued at $15,008.00. CT Page 9019
3. The Toyota Camry is awarded to the plaintiff.
4. The tools are awarded to the defendant.
 5. The following household furnishings are awarded to the plaintiff:
 The living room set; the dining room set, the bedroom set, the kitchen set, one television, one VCR, one large curio cabinet, one small curio cabinet and the precious moments collection.
 6. The following household furnishings are awarded to the defendant:
 the Sylvania television set, one VCR, one large curio cabinet, one small curio cabinet, the stereo, the three guns and cabinet, the motorcycle collection and the crystal cars.
7. The defendant is awarded twenty-five percent of the net proceeds from each of the plaintiff's pending personal injury claims.
F. BY WAY OF LIABILITIES
A. The plaintiff is responsible for the following debts and shall hold the defendant harmless:
 1. American Express in the amount of $5,000.00 as listed on the defendant's financial affidavit of January 4, 1999.
 2. Chase Bank in the amount of $1,000.00, $2,503.00 and $2,000.00 as listed on the defendant's financial affidavit of January 4, 1999.
 3. Lerners in the amount of $443.00 as listed on the plaintiff's financial affidavit of January 4, 1999.
 4. Capitol One in the amount of $570.00 as listed on the defendant's financial affidavit of January 4, 1999.
B. The defendant is responsible for the following and shall hold the plaintiff harmless: CT Page 9020
 1. First U.S.A. in the amount of $7,640.00 as listed on his financial affidavit of January 4, 1999.
 2. Wells Fargo in the amount of $5,500.00 as listed on the defendant's financial affidavit of January 4, 1999.
 3. Household Visa in the amount of $3,200.00 as listed on the defendant's financial affidavit of January 4, 1999.
4. Fleet Bank overdraft in the amount of $865.00.
 5. The loan in the amount of $4,700.00 to Mr. Bettini as listed on the defendant's financial affidavit of January 4, 1999.
 6. Both the plaintiff and the defendant are responsible for the debt of $30,000.00 to Mr. Bettini as follows: plaintiff $15,000.00 and the defendant of $15,000.00.
C. The plaintiff wife shall return to the defendant husband all credit cards and retail charge cards that are in her possession, which are in the name of the defendant or in the parties' joint names, and shall not use said credit cards or charge from the date hereof. The plaintiff shall advise all present creditors to remove the defendant's name from any and all accounts for service or credit. The plaintiff shall not use the defendant's name in obtaining any future services or credit.
D. The defendant husband shall return to the plaintiff wife all credit cards and retail charge cards that are in his possession, which are in the name of the plaintiff or in the parties' joint names, and he shall not use said credit cards or charge from the date hereof. The defendant shall advise all present creditors to remove the plaintiff's name from any and all accounts for service or credit. The defendant shall not use the plaintiff's name in obtaining any future services or credit.
F. BY WAY OF ATTORNEY'S FEES
1. No attorney's fees are awarded to either party.
G. BY WAY OF EXEMPTIONS CT Page 9021
1. The plaintiff shall claim the younger child Kirsten Bettini as an exemption.
2. The defendant shall claim the older child, Kevin Bettini as an exemption.
H. MISCELLANEOUS ORDERS
1. Both parties are ordered to attend the Parenting Education Classes.
2. Counsel for the plaintiff shall prepare the judgment file within thirty days and send to counsel for the defendant for signature and filing.
Crawford, J.